UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY ELVIS PEDEN,<br><br>           Plaintiff,<br><br>     v.<br><br>TARIQ ZAMAN,<br><br>           Defendant. | Case No. 2:23-cv-02267-KJM-JDP (PS)<br><br>**ORDER**<br><br>SCREENING PLAINTIFF'S COMPLAINT AND GRANTING HIS APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>ECF Nos. 1 & 2<br><br>AMENDED COMPLAINT DUE WITH THIRTY DAYS |

Plaintiff Wesley Elvis Peden brings this civil action against defendant Tariq Zaman. His complaint, however, fails to state a claim. I will dismiss it with leave to amend. I will grant plaintiff's application to proceed *in forma pauperis*, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).

**Screening and Pleading Requirements**

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.

1

662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679.  The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

The complaint alleges that defendant Tariq Zaman and co-conspirator George Bernard used collusion, conspiracy, and fraud to swindle plaintiff out of $45,600 of utility payments for the past seven years.  ECF No. 1 at 1.  From what the court can tell, plaintiff appears to have been renting a home in Sacramento from defendant Zaman.[1]

The complaint alleges that there are two ongoing unlawful detainer actions in Sacramento County Superior Court, 23UD04038 and 23UD04039.  He asks that this court issue an order enjoining the state court and defendant from taking any action in those cases, including evicting him, or renting or selling the property, until this action is resolved.  He also requests that this

---

[1] The complaint refers the court to the factual summary in *Peden v. Zaman*, 2:23-cv-02165-KJM-KJN (PS), a case filed nearly concurrently with this case.  Plaintiff is instructed that all factual allegations must be included in this complaint.  The court will not refer to another case for factual allegations.  Plaintiff is also cautioned that the court will not allow him to litigate the same claims against the same defendant in more than one action. *See* Local Rule 123; *Hedayati v. Perry L. Firm, APLC*, No. SA CV 17-01411-DOC-DFMx, 2018 WL 3155186, at *3 (C.D. Cal. May 16, 2018) (The purpose of the duplicative action doctrine is to "prevent the same plaintiff from filing multiple suits alleging the same claims against the same defendant when one suit will do").

2

1   court put a lien on the Sacramento home.  Plaintiff claims that he is lawfully allowed to be in the
2   home under California Civil Code section 1007 (California's adverse possession statute).

3         Plaintiff's complaint fails to comport with Rule 8's requirement that it present a short and
4   plain statement of plaintiff's claims.  *See* Fed. R. Civ. P. 8(a).  As discussed above, plaintiff must
5   allege specific factual allegations that gives rise to his claims in the operative complaint.  He must
6   take care to allege with at least some degree of particularity overt acts of defendant that support
7   his claims.  *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff
8   must allege with at least some degree of particularity overt acts which defendants engaged in that
9   support the plaintiff's claim.").

10         Additionally, because the complaint alleges fraud, it must satisfy the heightened pleading
11   requirements of Federal Rule of Civil Procedure 9(b).  To satisfy Rule 9(b), a plaintiff must "state
12   with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  A
13   plaintiff's allegations must be "specific enough to give defendants notice of the particular
14   misconduct . . . so that they can defend against the charge and not just deny that they have done
15   anything wrong."  *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal
16   quotation marks omitted) (quoting *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993)).  The
17   complaint must include "an account of the 'time, place, and specific content of the false
18   representations as well as the identities of the parties to the misrepresentations.'"  *Depot, Inc. v.*
19   *Caring for Montanans, Inc.*, 915 F.3d 643, 668 (9th Cir. 2019) (internal quotation marks omitted)
20   (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007)).  Lastly, a plaintiff must
21   explain what is false or misleading about the defendant's statements and why those statements are
22   false.  *Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th
23   Cir. 2011).  The complaint fails to meet Rule 9(b)'s pleading standard for fraud.

24         More fundamentally, the *Younger* abstention doctrine prohibits this court from granting
25   plaintiff the relief he seeks—an order restraining both defendant and the state court from
26   proceeding with the unlawful detainer actions.  In *Younger v. Harris*, 401 U.S. 37, 53-54 (1971),
27   the Supreme Court recognized a long-standing policy against federal court interference in on-
28   going state proceedings.  *Younger* abstention is appropriate when (1) there are ongoing state

proceedings (2) that implicate important state interests and (3) there is an adequate opportunity to raise federal issues in the state proceedings. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Assoc.*, 457 U.S. 423, 432 (1982). A number of courts have found *Younger* abstention appropriate when asked to restrain state unlawful detainer proceedings. *See Contreras v. MTC Fin. Inc.*, 2010 WL 5441950, at *1 (N.D. Cal. Dec. 28, 2010); *Wadhwa v. Aurora Loan Servs., LLC*, No. CIV. S-11-1784-KJM-KJN, 2011 WL 2681483, at *3 (E.D. Cal. July 8, 2011); *Solomon v. Aurora Loan Servs., LLC*, No. CIV. 2:12-209 WBS, 2012 WL 4050099, at *2 (E.D. Cal. Sept. 13, 2012).

To the extent that the unlawful detainer action is ongoing, this court is compelled to abstain from interference under *Colorado River Water Conservation Dist v. United States*, 424 U.S. 800 (1976). *See Scherbenske v. Wachovia Mortg., FSB*, 626 F. Supp. 2d 1052, 1058 (E.D. Cal. 2009) (abstaining from state unlawful-detainer action). Furthermore, the Anti-Injunction Act, 28 U.S.C. § 2283, prohibits this court from enjoining the state proceeding. Under the Anti-Injunction Act, a federal court is "barred from enjoining or staying proceedings in state court." *Scherbenske*, 626 F. Supp. 2d at 1058. "The statute is interpreted broadly and includes injunctions directed at the parties rather than the state court itself." *Id.* There are three statutory exceptions to the Act: (1) injunctions expressly authorized by act of Congress, (2) injunctions necessary to effectuate the judgment of a federal court, and (3) injunctions necessary in aid of the court's jurisdiction. *Id.* (citing 28 U.S.C. § 2283). None apply here.

I will allow plaintiff a chance to amend his complaint before recommending that this action be dismissed. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current one. *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First

4

Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is granted.

2. Within thirty days from the service of this order, plaintiff must either file an amended complaint or advise the court he wishes to stand by his current complaint. If he selects the latter option, I will recommend that this action be dismissed.

3. Failure to comply with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:   January 9, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE