UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY ELVIS PEDEN, | Case No. 2:23-cv-2267-KJM-JDP (PS) |
| Plaintiff, | |
| v. | ORDER |
| TARIQ ZAMAN, *et al.*, | |
| Defendants. | |

Plaintiff brings this action *pro se*, alleging that various wrongs associated with his residency in a property owned by defendant Zaman. ECF No. 4 at 1-3. As articulated, the complaint fails to put forth any basis for federal jurisdiction. I will give plaintiff one final opportunity to file an amended complaint that explains why this case should proceed.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

1  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not
2  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.
3  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere
4  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not
5  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
6  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that
7  give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
8  n.2 (9th Cir. 2006) (en banc) (citations omitted).
9      The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404
10 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it
11 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
12 would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
13 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
14 of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
15 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

17 Plaintiff's claims primarily concern issues with his residence in a property owned by
18 defendant Zaman.  He claims that defendant Barnard "coerced, manipulated, or convinced"
19 federal probation officers to force him into Zaman's residence, but offers no context or specific
20 explanation of this allegation.  ECF No. 4 at 1.  Plaintiff claims that this case should proceed on a
21 theory of conspiracy to defraud under 18 U.S.C. §§ 371, 666(a)(1)(A) and also under 18 U.S.C.
22 § 242 for deprivation of constitutional rights.  ECF No. 4 at 1, 3.  Neither of these federal criminal
23 statutes provides for a private right of action, however.  *Newman v. Caliber Home Loans, Inc.*,
24 2018 U.S. Dist. LEXIS 114754, 2018 WL 3361442, at *1 (S.D. Cal. July 10, 2018) ("Plaintiffs'
25 first cause of action alleges conspiracy under 18 U.S.C. § 371.  This is a criminal statute and does
26 not provide a private cause of action."); *Uziel v. Superior Court of Cal.*, 857 F. App'x 405, 406
27 (9th Cir. 2021) (18 U.S.C. § 242 does not provide a private right of action).  Plaintiff alleges no
28 other basis for federal jurisdiction.

    Plaintiff may amend his complaint one final time within thirty days of this order's entry that explains why this case should proceed.  He is advised that an amended complaint will supersede his current one and all claims and relevant exhibits must be contained in the new complaint without reference to its predecessor.  If plaintiff fails to file an amended complaint within the deadline, I will recommend this action be dismissed for the reasons stated in this order.

    Accordingly, it is hereby ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:    November 7, 2024                                  
                                                JEREMY D. PETERSON
                                                UNITED STATES MAGISTRATE JUDGE